## LOCKWOOD v. NAUGHTON CO.

### (Supreme Court, Appellate Term. April 24, 1905.)

CONTRACTS—ASSIGNMENT—TORT OF ASSIGNOR—LIABILITY OF ASSIGNEE.

> Where the contract between a city and a contractor for a tunnel and the contract with a subcontractor contained provisions imposing on the contractor and subcontractor the duty of protecting abutting property and making compensation for damages thereto, and prior to an assignment of the contract by the subcontractor he became liable in tort for an injury to abutting property, the assignment providing that the assignee would do everything necessary under the contract for its faithful performance to the end that the assignor might receive all the moneys due on the subcontract without delay, the assignee was not liable under the assignment for the tort.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Maurice DeForest Lockwood against the Naughton Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Thomas C. O'Sullivan (Emmet J. Murphy, of counsel), for appellant.

Gantz, Neier & McKennell (William O. Gantz, of counsel), for respondent.

SCOTT, P. J. The plaintiff sues for damages caused to his property by the negligent acts of the defendant, one of the subcontractors for the Rapid Transit Road. The acts causing the damage were done during the latter part of the year 1901. Upon the trial it was disclosed that the subcontractors engaged upon this work were until

January 31, 1902, a firm known as Naughton & Co.; that whatever injury was done was by them; and that the subcontract was not assigned to the defendant (a corporation), and it did not assume control of the work until January 31, 1902. The complaint had been drawn upon the theory that it was the defendant corporation which had performed the wrongful acts complained of, and at the close of the plaintiff's case when the foregoing facts had been developed, the plaintiff was permitted to amend. The amendment is not in writing, but is stated as follows in the minutes:

"My application to amend was by setting up the additional allegation that the contract was taken by Naughton & Co.; that during the time they were operating they became liable; that subsequently the Naughton Company took over this contract; and * * * proper allegations to enable us to hold them under that assignment of liability under that clause of the assignment which I have quoted."

It is to be regretted that the plaintiff was not required to more definitely formulate his proposed amendent by which he sought to transform a cause of action based upon allegations of defendant's tort into one resting upon an alleged assumption by defendant of the consequences flowing from a tort committed by another, for it is left far from clear what plaintiff had in mind as "proper allegations" to set forth this assumption of liability. We are therefore left to conjecture as to the particular provision to which plaintiff intended to refer. It appears that Naughton & Co. (the firm) were original subcontractors under John B. McDonald, who had the contract with the city for the whole Rapid Transit Road, and the firm proceeded with the work of that section in front of plaintiff's premises until January 31, 1902. For the purposes of this appeal we assume that the injury to plaintiff's property was produced under circumstances which fastened liability upon the firm. The assignment from the firm to the corporation provided that all moneys due or to become due under the contract on and after February 1, 1902, should belong to the assignee, the present defendant, and that all moneys remaining unpaid for work performed prior to said date should belong to the assignor, the firm, and that all installments or percentages of moneys withheld for work performed before the 1st day of February, 1902, as well as all moneys held or retained for the faithful performance of the contract from the principal contractors, shall belong to the assignors, the firm. The contracts between the city and McDonald and between McDonald and the assignor firm contained a number of provisions imposing upon the contractor and the subcontractor the duty of preserving and protecting abutting property and making compensation for damages to such property. The respondent argues with much insistence that an injured property owner may take advantage of these clauses as against a contractor who has worked an injury to abutting property. It is not necessary now to examine this question in an action which is not against the actual tort feasor. It may be assumed for the purposes of this appeal that plaintiff might have maintained an action against the contractor firm which wrought the mischief, and that the claim was such that upon notice to the comptroller a sum

of money would have been retained to meet and pay any judgment which might be recovered. The sum so retained would have been deducted from moneys earned by the firm prior to February 1, 1902, when the assignment to defendant took effect. Upon these assumptions the plaintiff's sole claim against the defendant must rest, if it can be sustained at all, upon a clause in the assignment by which the assignee, this defendant, agreed that it "will do and perform every act and thing necessary under the said contract for its complete and faithful performance to the end that the parties of the first part may receive each and all of the said moneys herein mentioned without delay." The argument based upon this clause is, as we understand it, that a sum sufficient to meet plaintiff's claim might have been retained out of the moneys earned by the assignor firm prior to February 1, 1902; that these moneys could not be released without a settlement of plaintiff's claim, and that, therefore, defendant was bound to settle the claim in order to release the amount retained out of the moneys earned by the assignor. There are two answers to this proposition. The first is that, whatever may be said of the original contract, it is quite apparent that the assignment from the firm to the corporation was not made or intended for the benefit of plaintiff, or of others similarly situated. The second is that no such obligation, even as between the parties, is established by the assignment. The whole document deals with the future. The obligation assumed by the assignee refers to matters to be done in the future, and all that the assignee undertakes is that it will perform, after the date on which the assignment became effective, every act and thing necessary to be done by it under the contract. This falls far short of assuming antecedent liabilities incurred by the assignor. We are unable to find any theory of law under which the judgment can be sustained, and it is accordingly reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and a new trial granted, with costs to appellant to abide the event. All concur.